UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

TRUSTEES of the SHEET METAL WORKERS'          :
INTERNATIONAL ASSOCIATION LOCAL NO. 28        :
BENEFIT FUNDS and PLANS, individually named   :
herein as SHEET METAL WORKERS LOCAL UNION     :
NO. 28 VACATION FUND, SHEET METAL WORKERS     :   Civil Case No.: 18-CV-281
LOCAL UNION NO. 28 WELFARE FUND, SHEET        :
METAL WORKERS LOCAL UNION NO. 28              :
SUPPLEMENTAL UNEMPLOYMENT FUND,               :
SHEET METAL WORKERS LOCAL UNION NO. 28        :
ANNUITY FUND, SHEET METAL WORKERS             :
LOCAL UNION NO. 28 PENSION FUND, SHEET        :   **COMPLAINT**
METAL WORKERS LOCAL UNION NO. 28 JOINT        :
LABOR MANAGEMENT FUND, SHEET METAL            :
WORKERS LOCAL UNION NO. 28 EDUCATION          :
FUND and SHEET METAL WORKERS LOCAL UNION      :
NO. 28 SCHOLARSHIP FUND,                      :
                                              :
                                              :
                          Plaintiffs,         :
                                              :
            -against-                         :
                                              :
EAI, INC.,                                    :
                                              :
                          Defendant.          :

-----------------------------------------------------------------------X

Plaintiffs, TRUSTEES of the SHEET METAL WORKERS' INTERNATIONAL

ASSOCIATION LOCAL NO. 28 BENEFIT FUNDS and PLANS, individually named herein as

SHEET METAL WORKERS LOCAL UNION NO. 28 VACATION FUND, SHEET METAL

WORKERS LOCAL UNION NO. 28 WELFARE FUND, SHEET METAL WORKERS LOCAL

UNION NO. 28 SUPPLEMENTAL UNEMPLOYMENT FUND, SHEET METAL WORKERS

LOCAL UNION NO. 28 ANNUITY FUND, SHEET METAL WORKERS LOCAL UNION NO.

28 PENSION FUND, SHEET METAL WORKERS LOCAL UNION NO. 28 JOINT LABOR

MANAGEMENT FUND, SHEET METAL WORKERS LOCAL UNION NO. 28 EDUCATION

1

FUND and SHEET METAL WORKERS LOCAL UNION NO. 28 SCHOLARSHIP FUND (collectively referred to as the "Funds" or "Plaintiffs"), by their attorneys, COLLERAN, O'HARA & MILLS L.L.P., as and for their Complaint against defendant EAI, INC. ("EAI"), allege as follows:

1.     This is an action by trustees and fiduciaries of employee benefit plans for injunctive and monetary relief under Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and 1145, and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185 *et seq.* ("LMRA").

## JURISDICTION AND VENUE

2.     The Complaint raises claims over which this Court has jurisdiction pursuant to Sections 502(e)(1) and 502(f) of ERISA, 29 U.S.C. §§ 1132(e)(1) and 1132(f); 29 U.S.C. §185 and 28 U.S.C. §§ 1331 and 1337.

3.     Venue lies in this district under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## THE PARTIES

4.     The Funds were and still are jointly administered, multi-employer Taft-Hartley benefits funds administered by a Board of Trustees comprised of an equal number of labor and management representatives in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and administered pursuant to ERISA, 29 U.S.C. 1001, *et. seq.* The Funds are administered and maintain offices for the conduct of business at 195 Mineola Boulevard, Mineola, New York 11501.

5.     The Funds are employee benefit plans within the meaning of 29 U.S.C. §1002(3) and are maintained for the purpose of providing welfare, retirement and other benefits to eligible

participants and beneficiaries of non-party Sheet Metal, Air, Rail and Transportation Workers Local Union No. 28 ("Local 28"). The Funds are maintained pursuant to one or more collective bargaining agreements between Local 28 and various employers, which require such employers to contribute to the Funds. As such, the Funds are "multiemployer plans" within the meaning of Section 3(37) of ERISA, 29 U.S.C. §1002(37).

6.     The Funds are intended third-party beneficiaries of the collective bargaining agreements.

7.     The Trustees of the Funds are fiduciaries within the meaning of Sections 3(21) and 502 of ERISA, 29 U.S.C. §§1003(21) and 1132, and bring this action in their fiduciary capacity.

8.     Upon information and belief, EAI is a domestic corporation and has a place of business at 50 Prescott Street, Jersey City, New Jersey 07304.

9.     Upon information and belief, EAI is a foreign corporation and has a place of business at 50 Prescott Street, Jersey City, New Jersey 07304.

10.     Upon information and belief, EAI is duly authorized and licensed to do business under the laws of the State of New York.

11.     Upon information and belief, EAI has been engaged in an industry affecting commerce. As such, the defendant is an "employer" within the meaning of Section 2(2) of the National Labor Relations Act, 29 U.S.C. §152(a), and Section 301(a) of the LMRA, 29 U.S.C. §185(a).

12.     EAI is an "employer" within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§1002(5) and 1145.

## FACTUAL BASIS FOR CLAIMS

13.      Upon information and belief, Robert Carvalho is the owner of EAI.

14.      EAI is party to and has agreed to abide by the terms and conditions of a collective bargaining agreement between Local 28, the labor organization representing, for purposes of collective bargaining, certain of defendant's employees and the Sheet Metal & Air Conditioning Contractors Association of New York City, Inc. and SMACNA of Long Island, Inc. (the "CBA"). EAI further agreed to abide by the Trust Agreements governing the Funds.

14.      EAI attempted to terminate its collective bargaining relationship with Local 28 less than ninety (90) days prior to the expiration date of the CBA. As a result, the defendant remains bound to the CBA by operation of the evergreen clause contained therein.

15.      Pursuant to the CBA, defendant is required to make contributions to the Funds on behalf of individuals who perform work covered by the terms and conditions of the CBA at specified rates for each hour of covered work, subject to certain limitations and premium payments set forth therein.  The CBA specifically provides that EAI is required to contribute a minimum of 1,800 hours per year to the Funds on behalf of each of EAI's member-owners.

16.      Pursuant to the CBA, EAI is also required to submit to periodic audits of its books and records to determine whether EAI has made the contributions it is obligated to make pursuant to the CBA.

17.      The CBA also prohibits EAI from subcontracting work within the craft and territorial jurisdiction of Local 28 unless such work is subcontracted to another company that is party to and has agreed to abide by the terms and conditions of a collective bargaining agreement with Local 28.

18.     The Funds' records reveal that EAI contributed a total of 7,611.50 hours to the Funds on behalf of its Local 28-represented employees in accordance with its obligations under the CBA during the period of 2008 to 2013.

19.     The Funds' records reveal that EAI contributed a total of 1,176 hours to the Funds in 2014 on behalf of Robert Carvalho.

20.     The Funds' records reveal that EAI contributed a total of 1,092 hours to the Funds in 2015 on behalf of Robert Carvalho.

21.     The Funds' records reveal that EAI contributed a total of 2,485.50 hours on behalf of its Local 28-repesented employees in 2016. Of the 2,485.50 hours, 1,092 hours were contributed by EAI to the Funds on behalf of Robert Carvalho.

22.     The Funds' records reveal that EAI contributed a total of 376 hours to the Funds on behalf of its Local 28-represented employees in 2017.   Of the 376 hours, 168 hours were contributed to the Funds on behalf of Robert Carvalho.

23.      In or around the summer of 2017, a dispute arose concerning EAI's failure to employ members of Local 28 at a project referred to as the Hospital for Special Surgery, located at 535 East 70th Street, New York, New York 10021 (the "Hospital Project").

24.     Upon information and belief, EAI was the successful bidder on the Hospital Project.

25.     Upon information and belief, the work EAI was awarded on the Hospital Project was within the craft and territorial jurisdiction of Local 28.

26.     Upon information and belief, EAI subcontracted covered work on the Hospital Project.

27.     Upon information and belief, EAI subcontracted covered work on the Hospital Project to a company called "Core."

28.     Core is not signatory to and has not agreed to abide by the terms and conditions of a collective bargaining agreement with Local 28.

29.     The employees who performed covered work for Core on the Hospital Project are not represented by Local 28.

30.     Upon information and belief, the subcontracting clause in the CBA covers the work that was subcontracted by EAI to Core in connection with the Hospital Project.

31.     Upon information and belief, EAI has violated the CBA by subcontracting work covered by the terms and conditions of the CBA to a company that is not party to and has not agreed to abide by the terms and conditions of a collective bargaining agreement with Local 28.

32.     Upon information and belief, EAI has failed to make all of the contributions it is required to make pursuant to the CBA.

33.     The Plaintiffs directed the Funds' compliance auditors, Calibre CPA Group PLLC (hereinafter referred to as "Calibre"), to perform an audit of the defendant's books and records for the period of January 1, 2014 to date to determine the amount of contributions due by EAI to the Funds.

34.     EAI scheduled an appointment with Calibre to perform the audit on September 26, 2017, but canceled the appointment on September 25, 2017.

35.     Despite due demands that defendant comply with its statutory and contractual obligations, EAI has wholly failed, neglected and refused to submit to the audit.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST DEFENDANT EAI, INC.

36.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "36" of this Complaint with the same force and effect as though the same were set forth at length herein.

6

37.    Section 515 of ERISA, 29 U.S.C. §1145, requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collective bargaining agreement…[t]o make such contributions in accordance with the terms and conditions of such plan or such agreement."

38.    The CBA obligates the defendant to permit the Funds, on demand, to examine and audit EAI's books and records.

39.    Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), mandates that "[i]n any action brought by a fiduciary on behalf of a Plain to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan –

    (a) the unpaid contributions;

    (b) interest on the unpaid contributions;

    (c) an amount equal to the greater of –

        (i)    interest on the unpaid contributions, or

        (ii)    liquidated damages…in an amount not in excess of 20 percent of the [unpaid contributions],

    (d) reasonable attorney's fees and costs of the action, to be paid by the defendant; and

    (e) such other legal or equitable relief as the court deems appropriate…"

40.    EAI, by virtue of its failure to submit to an audit for the purpose of determining whether the defendant has made the contributions it is obligated to make pursuant to the CBA, has violated Section 515 of ERISA, 29 U.S.C. §1145.

41.    As a result of the defendant's conduct, the Funds are unable to determine whether EAI accurately reported the number of hours worked by its Local 28-represented employees and, if not, to determine the extent of EAI's delinquency to the Funds.

42.     Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless defendant is ordered specifically to perform all obligations on its part required to be performed under the CBA.

43.     EAI, by virtue of its failure to submit to an audit, is subject to an injunction ordering it to immediately submit its books and records for an audit covering the period of January 1, 2014 to date and requiring it to pay any contributions reported due as a result of the audit, interest, liquidated damages, audit fees, attorneys' fees and costs.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT EAI, INC.

44.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "44" of this Complaint with the same force and effect as though the same were set forth at length herein.

45.     Upon information and belief, EAI breached the CBA by subcontracting bargaining unit work to Core.  More specifically, EAI subcontracted work within the craft and territorial jurisdiction of Local 28 to a company that has not agreed to be bound by a collective bargaining agreement with Local 28 and does not employ members of Local 28, in violation of the subcontracting clause in the CBA.

46.     Upon information and belief, EAI did not make the contributions it is required to make under the CBA for covered work performed by Core's employees on the Hospital Project.

47.     The conduct of defendant as aforesaid constitutes a violation of the LMRA.

48.     By reason of the foregoing, the Plaintiffs are entitled to any delinquency in contributions on account of EAI's subcontracting covered work on the Hospital Project to Core, as well as interest, liquidated damages, attorneys' fees and costs.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANT EAI, INC.

49.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "49" of this Complaint with the same force and effect as though the same were set forth at length herein.

50.     The CBA requires that EAI contribute a minimum of 1,800 per year on behalf of its owner-member, Robert Carvalho.

51.     The Funds records reveal that EAI did contribute the minimum amount of hours it was required to contribute to the Funds on behalf of its owner-member, Robert Carvalho, during the years 2014, 2015, 2016 and 2017.

52.     The conduct of defendant as aforesaid constitutes a violation of the ERISA and LMRA.

53.     By reason of the foregoing, the Plaintiffs are entitled to the delinquent contributions, as well as interest, liquidated damages, attorneys' fees and costs.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST DEFENDANT EAI, INC.

54.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "53" of this Complaint with the same force and effect as though the same were set forth at length herein.

55.     Upon information and belief, the defendant has continually failed to comply with its obligations under the CBA to employ members of Local 28 on covered work and to refrain from subcontracting bargaining unit work unless such work is subcontracted to a company that has agreed to be bound by a collective bargaining agreement with Local 28 and employs members of Local 28.

56.   Unless the defendant is enjoined by this Court from violating ERISA and breaching the terms of the CBA for as long as EAI remains obligated to contribute to the Funds, the Plaintiffs will be further damaged without an adequate remedy at law.

**WHEREFORE**, by reason of the foregoing, Plaintiffs pray for an Order and Judgment against the defendant as follows:

(1) On the Plaintiffs' First Cause of Action against defendant EAI, INC.:

   a.   Requiring the defendant to submit to an audit of its books and records for the period of January 1, 2014 to date;

   b.   Ordering the defendant to pay (i) any and all contributions that are determined to be due as a result of the audit; (ii) the applicable interest on the unpaid contributions; (iii) an amount equal to the greater of (a) interest on the unpaid contributions or (b) liquidated damages of 20 percent of the unpaid contributions, and (iv) the costs of the audit; and

   c.   Awarding the Plaintiffs reasonable attorneys' fees and costs.

(2) On the Plaintiffs' Second Cause of Action against defendant EAI, INC.:

   a.   Requiring the defendant to pay (i) any and all contributions that are determined to be due as a result of EAI, INC.'s failure to employ members of Local 28 on the project referred to as the Hospital for Special Surgery, located at 535 East 70th Street, New York, New York 10021; (ii) the applicable interest on the unpaid contributions; and (iii) an amount equal to the greater of (a) interest on the unpaid contributions or (b) liquidated damages of 20 percent of the unpaid contributions; and

   b.   Awarding the Plaintiffs reasonable attorneys' fees and costs.

(3) On the Plaintiffs' Third Cause of Action against defendant EAI, INC.:

    a.  Requiring the defendant to pay (i) any and all contributions that are determined to be due as a result of EAI, INC.'s failure to contribute a minimum of 1,800 hours a year on behalf of its owner-member, Robert Carvalho, for the years 2014, 2015, 2016 and 2017; (ii) the applicable interest on the unpaid contributions; and (iii) an amount equal to the greater of (a) interest on the unpaid contributions or (b) liquidated damages of 20 percent of the unpaid contributions; and

    b.  Awarding the Plaintiffs reasonable attorneys' fees and costs.

(4) On the Plaintiffs' Fourth Cause of Action against defendant EAI, INC.:

    a.  Requiring the defendant to pay (i) any and all additional contributions that become due as a result of the defendant's violation of the subcontracting clause and/or failure to employ members of Local 28 on projects that are within the craft and territorial jurisdiction of Local 28 after the commencement of this action; and

    b.  Permanently enjoining the defendant from failing to employ members of Local 28 on covered work and from subcontracting covered work to companies that have not agreed to be bound by a collective bargaining agreement with Local 28 and do not employ members of Local 28.

(5) Such further and other relief as this Court deems just, proper and equitable.

Dated: Woodbury, New York
       January 11, 2018

                    COLLERAN, O'HARA & MILLS L.L.P.
                    *Attorneys for Plaintiffs*

                    BY:    /S/  JOHN S. GROARKE
                           JOHN STACKPOLE GROARKE
                           100 Crossways Park Drive West, Suite 200
                           Woodbury, New York 11797
                           (516) 248-5757
                           jsg@cohmlaw.com

TO:    **EAI, INC.**
        50 Prescott Street
        Jersey City, New Jersey 07304